IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KERRY ANTJUAN BROOKS § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-07-CV-1624-L |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Kerry Antjuan Brooks, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of aggravated robbery and sentenced to 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Brooks v. State*, No. 05-98-00001-CR, 1999 WL 994377 (Tex. App.--Dallas, Nov. 3, 1999, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Brooks*, No. 56,809-01 (Tex. Crim. App. Oct. 1, 2003). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) the police lacked probable cause to stop his car; (2) his conviction was the result of evidence obtained during an illegal search and seizure; and (3) his sentence is excessive.

Respondent has filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 50 years in prison for aggravated robbery. The court of appeals affirmed his conviction on November 3, 1999, and petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, petitioner's conviction became final 30 days thereafter on December 3, 1999. *See* TEX. R. APP. P. 68.2 (petition for discretionary review must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on July 7, 2003. The application was denied on October 1, 2003. Petitioner filed this action in federal court on September 16, 2007.

The AEDPA statute of limitations started to run on December 3, 1999, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *three years* before seeking post-conviction relief in state or federal court. No explanation has been offered to justify this delay. Accordingly, this case is barred by limitations and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE